UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20087-CR-MOORE/D'ANGELO

UNITED STATES OF AMERICA,

vs.

SCOTT LEE HUSS,
    a/k/a "jryako,"

    Defendant.
_____/

## ORDER FOLLOWING *FARETTA* HEARING

**THIS CAUSE** is before the Court following Defendant's Unopposed Motion for Status Conference filed on April 25, 2025, in which defense counsel, Elizabeth Blair, Esq., requested that the Court set a status conference, as Defendant indicated he would like to represent himself in this matter (DE 28).[1] The Court set a status conference for May 7, 2025; however, Defendant was not brought before the Court due to medical issues (DE 36). The Court conducted a status conference and hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975) on May 13 and 16, 2025 with Defendant, defense counsel, and the Government present (DE 41, 46).[2] For the reasons stated

---

[1] This matter was referred to the undersigned Magistrate Judge to take all necessary and proper action as required by law and/or to submit a Report and Recommendation regarding all matters and pretrial motions, except motions for continuance of trial (DE 25).

[2] On May 12, 2025, Defendant's mother, Ellen Harvey, filed a Notice of Appeal, seeking to appeal "the indictment in its entirety from this action issued on February 27, 2025" (DE 43). The Court has previously found, "Ellen Harvey. . . is neither an attorney of record nor the Defendant and . . . therefore may not file motions in this case" (DE 42). Moreover, notwithstanding the meritless appeal on its face, the Court is not divested of jurisdiction to continue with proceedings, because "the notice of appeal [was] 'manifestly ineffective.'" *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979), *superseded by statute on other grounds as recognized in United States v. Martinez,* 763 F.2d 1297, 1308 n.11 (11th Cir. 1985). Indeed, the Eleventh Circuit has held, "[A] notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction." *United States v. Riolo*, 398 F. App'x 568, 571 (11th Cir. 2010); *see also United States v. Kapelushnik*, 306 F.3d 1090, 1094 (11th Cir. 2002) (holding a premature notice of appeal did not divest the district court of jurisdiction to hold a restitution hearing).

herein and on the record during the hearings, the Court finds that Defendant has knowingly and voluntarily waived his right to counsel, and the Court appoints Elizabeth Blair, Esq. from the Federal Public Defender's Office as standby counsel.

On May 13 and 16, 2025, the Court conducted a full and lengthy inquiry as required under *Faretta* and its progeny, specifically addressing Defendant's lack of legal education, his lack of experience and familiarity with applicable rules and procedures in criminal cases, the nature of the alleged violations against him, and the potential maximum sentences he faces. *See United States v. Fant*, 890 F.2d 408, 410 (11th Cir. 1989) ("The importance of this approach is underscored by the fact that a violation of [a defendant's right to counsel and a defendant's right waive counsel] is not subject to harmless error analysis."). The Court advised Defendant that self-representation is nearly always a bad idea and affirmatively urged him not to choose this option. After being made aware of the various drawbacks and dangers of self-representation, as well as the potential advantages of being represented by counsel, Defendant unequivocally affirmed his desire to represent himself. The Court further inquired into Defendant's physical and mental health and whether Defendant's decision to waive his right to counsel was the result of any promises or any threats made to him, which he stated it was not.

For the above reasons and for those reasons stated more fully on the record during the hearings, the Court finds that Defendant has been fully advised of his rights and of the potential consequences of his decision and that he has knowingly and voluntarily waived his right to counsel. Defendant will therefore represent himself in this matter.

Additionally, the Court finds, in its discretion, that Defendant shall have standby counsel available to him. The Court appointed Assistant Federal Public Defender Elizabeth Blair, Esq. as Defendant's standby counsel. Assistant Federal Public Defender Blair will not have the duties and

responsibilities of ordinary counsel of record in a criminal case. Rather, she will be available to explain the rules and procedures to Defendant and for Defendant to consult with during court proceedings and a trial, as necessary and applicable. The Court appreciates Assistant Federal Public Defender Blair's willingness to serve as standby counsel.

The Court announced its ruling on the record at the hearing on May 16, 2025, and this Order is effective as of that date.

**DONE and ORDERED** in Chambers in Miami, Florida on this 16th day of May, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   *Pro Se* Defendant Scott Lee Huss
      All Counsel of Record

3