UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   25-CR-20087-KMM(s)
18 U.S.C. § 1343
18 U.S.C. § 1341
18 U.S.C. § 1957
18 U.S.C. § 915
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

v.

SCOTT LEE HUSS,
   a/k/a "jryako,"

   Defendant.
_____/

FILED BY ___BM___ D.C.

Jun 5, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

#### The Small Business Administration

1.    The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.

2.    The SBA enabled and provided for loans through banks, credit unions, and other lenders. Those loans had government-backed guarantees.

#### The Coronavirus Aid, Relief, and Economic Security Act

3.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to

the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. In addition to traditional SBA funding programs, the CARES Act established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak, which was declared a nationwide disaster by the President of the United States on March 13, 2020.

## The Paycheck Protection Program

4. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

5. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the loan. In the PPP loan application, the small business (through its authorized representative) was required to provide, among other things, its average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

6. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of

the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

7. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

## The Economic Injury Disaster Loan Program

8. Another source of relief provided by the CARES Act were Economic Injury Disaster Loans ("EIDL") to business owners negatively affected by the COVID-19 pandemic. Applicants applied for EIDL directly through the SBA, which reviewed the information and dispersed the funds to the applicants without an intermediary financial institution.

9. Using the SBA online portal, a business was required to submit an EIDL application to the SBA and provide information in support of each EIDL application about its operations, such as the number of employees, gross revenues, and the cost of goods sold for the 12-month period preceding January 31, 2020. Applicants were not required to provide supporting documentation with EIDL applications but were required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge. All applications submitted on July 11, 2020 or after were handled by an SBA contractor with servers located in Des Moines, Iowa. Prior to July 11, 2020, EIDL applications were submitted through three different servers, which were located in: Boydton, Virginia; West Des Moines, Iowa; or Quincy, Washington.

10. EIDL applications were submitted directly to the SBA and processed by the SBA with support from a government contractor. The amount of the loan was determined based, in part,

on the information provided in the application concerning the number of employees, gross revenues, and cost of goods sold. Any EIDL funds were issued directly by the SBA.

11.     Once an SBA EIDL application was approved, the SBA's Denver Finance Center, located in Denver, Colorado, created payment files and authorized payments of the EIDL funds based on those applications. The disbursement of the EIDL funds were transmitted by the Financial Management System ("FMS") to the Treasury and then to the recipient's bank account. The primary server for the FMS is in Sterling, Virginia. Upon approval of an application for an EIDL or cash advance grant, the SBA would disburse the funds.

### Financial Institutions and Lenders

12.     Bank 1 was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation.

### The Defendant and Related Entities

13.     Defendant **SCOTT LEE HUSS a/k/a "jryako"** was an individual who resided in Miami-Dade County, Florida.

14.     Leadecom LLC ("Leadecom") was a Florida limited liability company with its principal place of business listed as 1018 Tropical Avenue, Port Charlotte, Florida, 33948, and its registered agent listed as **SCOTT LEE HUSS**.

15.     Apex Marketing Inc. ("Apex Marketing") was a Florida corporation with its principal place of business listed as 900 Biscayne Boulevard, Apartment 5012, Miami Florida, 33132, and its registered agent listed as **SCOTT LEE HUSS**.

16. Supremo Sociedad Anonima, LLC ("Supremo Sociedad Anonima") was a Florida limited liability company with its principal place of business listed as 851 Northeast 1st Avenue, Apartment 2009, Miami, Florida, 33132, and its registered agent listed as **SCOTT LEE HUSS**.

17. Temple of the Tao, Inc. was a Florida corporation with its principal place of business listed as 17477 Mapledale Avenue, Port Charlotte, Florida, 33953, and its registered agent listed as **SCOTT LEE HUSS**.

## COUNTS 1–6
### Wire Fraud
### (18 U.S.C. § 1343)

1. Paragraphs 1 through 17 of the General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From on or about July 4, 2020, and continuing through on or about March 10, 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**SCOTT LEE HUSS,**
**a/k/a "jryako,"**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, for the purpose of executing the scheme and artifice to defraud, and did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Sections 1343 and 2.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was a purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of false and fraudulent

5

applications for EIDL and PPP funds made available through the SBA in order to provide relief for the economic effects caused by the COVID-19 pandemic; and (b) diverting fraud proceeds for his personal use and benefit and the use and benefit of others.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included the following:

4. **SCOTT LEE HUSS** submitted, and caused the submission, of false and fraudulent EIDL and PPP applications to the SBA and Bank 1, via interstate wire communications, in the names of business entities which he created, owned, and controlled.

5. The EIDL and PPP applications falsely and fraudulently represented the number of employees at the respective business entities and their annual gross revenues.

6. As a result of the false and fraudulent applications, the SBA and Bank 1 disbursed loan funds into bank accounts controlled by **SCOTT LEE HUSS**.

7. **SCOTT LEE HUSS** unlawfully diverted the EIDL and PPP funds for his personal benefit.

## USE OF WIRES

8. On or about the dates specified as to each count below, **SCOTT LEE HUSS**, did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, for the purpose of executing the scheme and artifice to defraud, and did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | July 22, 2020 | A wire transfer in the approximate amount of $87,500 sent from outside the State of Florida to Leadecom's Bank 1 account in the Southern District of Florida. |
| 2 | February 17, 2021 | A wire transfer in the approximate amount of $75,537 sent from outside the State of Florida to Leadecom's Bank 1 account in the Southern District of Florida. |
| 3 | February 19, 2021 | A wire transfer in the approximate amount of $87,675 sent from outside the State of Florida to Apex Marketing's Bank 1 account in the Southern District of Florida. |
| 4 | August 29, 2020 | A wire transfer in the approximate amount of $147,400 sent from outside the State of Florida to Supremo Sociedad Anonima's Bank 1 account in the Southern District of Florida. |
| 5 | March 8, 2021 | A wire transfer in the approximate amount of $128,220 sent from outside the State of Florida to Supremo Sociedad Anonima's Bank 1 account in the Southern District of Florida. |
| 6 | March 16, 2021 | A wire transfer in the approximate amount of $82,802.00 sent from outside the State of Florida to Temple of the Tao's Bank 1 account in the Southern District of Florida. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 7–8
## Mail Fraud
## (18 U.S.C. § 1341)

1.      Paragraphs 1 through 17 of the General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From at least as early as November 9, 2023, through on or about January 30, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**SCOTT LEE HUSS**
a/k/a "jryako,"

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and

7

promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice to defraud, did knowingly cause to be delivered certain mail matter by the United States Postal Service and by private and commercial interstate carrier, according to the directions thereon.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by delivering, and causing to be delivered, by use of the United States Postal Service, false and fraudulent documents in support of payment for luxury cars for his personal use and benefit and the use and benefit of others.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the object and purpose of the scheme and artifice included, among other things, the following:

4. On or about September 7, 2021, **SCOTT LEE HUSS** signed a bill of sale to purchase a 2019 Lamborghini Urus ("2019 Lamborghini") for approximately $148,000. **HUSS** obtained financing from Company 1, a Boston-area company in the amount of approximately $120,000.

5. Between September 2021 and October 2023, **SCOTT LEE HUSS** made monthly payments on the 2019 Lamborghini from Apex Marketing's Bank 1 account, ending in 0882.

6. In or around early December 2023, **SCOTT LEE HUSS** mailed, and caused to be mailed, through interstate commerce, a "payment voucher" to Company 1 in the amount of approximately $120,000.

7. On or about December 26, 2023, **SCOTT LEE HUSS** mailed, and caused to be mailed, through interstate commerce, a "Certified Funds" instrument, bearing his name and signature, and payable by **HUSS**, to Company 1.

## USE OF THE MAILS

8. On or about the dates specified as to each count below, the defendant, **SCOTT LEE HUSS**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be delivered certain mail matter, described below, via the United States Postal Service, from in the Southern District of Florida:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF MAILING |
|---|---|---|
| 7 | December 1, 2023 | A fictitious check in the amount of approximately $190,564. |
| 8 | December 26, 2023 | A fictitious check in the amount of approximately $120,000. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 9
## Money Laundering
## (18 U.S.C. § 1957)

On or about September 23, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**SCOTT LEE HUSS,**
a/k/a "jryako,"

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity by, and through, and to a financial institution, in criminally derived property of a value greater than $10,000, that is, a $15,000 wire from a Bank 1 Account associated with

9

Leadecom, ending in 7285, to a Bank 1 Account associated with Supremo Sociedad Anonima, ending in 7733.

It is further alleged that the specified unlawful activity was wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Section 1957.

## COUNT 10
### Impersonating a Foreign Diplomat, Consul, or Officer
### (18 U.S.C. § 915)

On or about March 12, 2024, in Miami-Dade County, in the Southern District of Florida, the defendant,

**SCOTT LEE HUSS,**
**a/k/a "jryako,"**

did, with intent to defraud within the United States, aid and abet an individual, "C.M.," falsely assume and pretend to be a diplomatic, consular, and other official of a foreign government duly accredited as such to the United States and act as such, and, in such pretended character, demand and obtain and attempt to obtain money, paper, document, and other things of value, in violation of Title 18, United States Code, Sections 915 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **SCOTT LEE HUSS, a/k/a "jryako,"** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1343 or 1341, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes, or derived from proceeds obtained, directly or

indirectly, traceable to such offense, pursuant to Title 18, United States Code, Sections 982(a)(2)(A), 981(a)(1)(C).

3.      Upon a conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Superseding Indictment, defendant **SCOTT LEE HUSS a/k/a "jryako"** shall forfeit to the United Stats any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 982(a)(1), 982(a)(2)(A) and 981(a)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1), (b)(2) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████████████████
FOREPERSON

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
DANIEL ROSENFELD
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-20087-KMM(s)

v.

SCOTT LEE HUSS,

Defendant.
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants 0
Total number of new counts 0

**Court Division** (select one)
☑ Miami  ☐ Key West  ☐ FTP
☐ FTL    ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☑ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge K. Michael Moore   Case No. 25-CR-20087
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of March 27, 2025
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office which concluded on October 7, 2024? No

By: _/s/ Daniel Rosenfeld_
Daniel Rosenfeld
Assistant United States Attorney
SDFL Court ID No. A5503081

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: SCOTT LEE HUSS

**Case No**: 25-CR-20087-KMM(s)

Counts #: 1–6

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** Twenty years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** Three years
* **Max. Fine:** $250,000

Counts #: 7–8

Mail Fraud

Title 18, United States Code, Section 1341
* **Max. Term of Imprisonment:** Twenty years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** Three years
* **Max. Fine:** $250,000

Count #: 9

Money Laundering

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** Ten years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** Three years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  SCOTT LEE HUSS

**Case No**:  25-CR-20087-KMM(s)

Count #: 10

Impersonating a Foreign Diplomat, Consul or Official

Title 18, United States Code, Section 915
* **Max. Term of Imprisonment:** Ten years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** Three years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.