**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-20087-CR-KMM**

**UNITED STATES OF AMERICA**

**v.**

**SCOTT LEE HUSS,**
      **a/k/a "jryako,"**

      **Defendant.**

_____/

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C § 3582(c)(2)

The United States opposes the Defendant's motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), in light of a retroactive amendment to the United States Sentencing Guidelines (DE 160). The Defendant seeks a reduction under 4C1.1, which would reduce his Guidelines range. The Defendant's motion should be denied because he received a 4C1.1 reduction at sentencing.

### COURSE OF PROCEEDINGS IN THE CRIMINAL CASE

In 2020 and 2021, the Defendant stole over $600,000 from the United States federal government by claiming to have business income and employees that did not exist. After he spent his ill-gotten gains, the Defendant turned to mail fraud—in the form of sending false and fraudulent checks—to retain luxury vehicles he had purchased but could no longer afford.

At sentencing, the Defendant's base offense level was 7. He received a 14-level increase for a loss amount between $550,000 and $1,500,000. He received a 3-level reduction for pleading guilty. He received a two-level reduction under 4C1.1. He had no prior convictions, so he was

criminal history category I.  His Guidelines were 21 to 27 months.  (PSI ¶ 64).  He received a sentence of 27 months.  He appealed and the appeal is currently pending before the Eleventh Circuit.  The Defendant is serving his sentence at Coleman Low FCI, with an anticipated release date of January 22, 2027.

**LEGAL STANDARD**

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified.  *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).  Specifically, 18 U.S.C. § 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).  Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process.  *See Dillon v. United States*, 560 U.S. 817 (2010).  First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2).  *Id*. at 826-27.  The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowers the defendant's applicable sentencing guidelines range *and* relief is consistent with applicable policy statements.  *Id*.  The applicable policy statement here bars a court from granting relief below the bottom of the amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A).

Then, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors, *id*. at 826-27, and "the nature and seriousness of the danger to any person

or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

## LEGAL ANALYSIS

The Defendant here seeks relief based on the zero-point offenders amendment. Here, the Defendant in this case is not eligible for relief under the new "zero-point offender" amendment because he already received a 4C1.1 reduction.

## CONCLUSION

Based on the foregoing, the defendant should not be granted relief.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   */s/ Daniel Rosenfeld*
Daniel Rosenfeld
Assistant United States Attorney
Court ID No. A5503081
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9268
Email: Daniel.Rosenfeld@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and delivered the document by United States Mail to *pro se* defendant Scott Lee Huss. at Coleman Low FCI, 846 NE 54TH TERRACE, SUMTERVILLE, FL   33521

*s/ Daniel Rosenfeld*